IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § |
| | §    No. 3:21-mj-1068-BK |
| JOAN SANCHEZ FACUNDO, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

Defendant Joan Sanchez Facundo is charged with violating 21 U.S.C. § 846 in a criminal complaint filed in this district.

On October 29, 2021, the Court held a preliminary hearing and a hearing on the government's motion for detention. Defendant appeared in person and through counsel and announced ready to proceed. The government appeared through an Assistant United States Attorney for the Northern District of Texas and likewise announced ready.

On the record today, the Court found probable cause to believe that Defendant committed the offense conduct alleged in the complaint in this case.

The government moves for pretrial detention pursuant to 18 U.S.C. § 3142. "The provisions of 18 U.S.C. §§ 3142 and 3144 govern pretrial release." FED. R. CRIM. P. 46(a).

-1-

Defendant is eligible for pretrial detention under 18 U.S.C. § 3142(f)(1)(C) because Defendant is charged by a complaint with – and the Court has found probable cause to believe that he committed − with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

Under the Bail Reform Act, "[i]f, after a hearing pursuant to the provisions of [18 U.S.C. § 3142(f)], the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

Further, the government has invoked the 18 U.S.C. § 3142(e)(3) rebuttable presumption, which applies in this case because the Court finds that there is probable cause to believe that Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*). Section 3142(e)(3) mandates that, in such a case as this, "it shall be presumed that no condition or combination of conditions will reasonably

assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Where, as here, the presumption applies, although the burden of persuasion remains always with the government, Defendant must produce sufficient evidence to rebut the presumption. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

Even if Defendant has come forward with sufficient evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, the government may prove by a preponderance of the evidence that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community or another person if Defendant were released. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985). And "the mere production of evidence does not completely rebut the [Section 3142(e)(3)] presumption"; "[i]n making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

The Court has considered the testimony of the case agent, the complaint and supporting affidavit, the government's and defendant's proffers through counsel, and the report of the pretrial services officer, in light of the factors listed in 18 U.S.C. § 3142(g) – including the nature and circumstances of the charged offense; the apparent weight of the evidence against Defendant; Defendant's history and characteristics; whether Defendant was, at the time of the current offense or arrest, on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Even if Defendant offered some evidence to rebut the presumption as to flight risk or danger, the evidence shows that Defendant is involved in trafficking kilogram quantities of methamphetamine on behalf of a Mexico-based DTO. He is a Mexican citizen and has been found to be inadmissible but is in this country on an asylum claim. There is no evidence of any family members willing to have Defendant live with them, and his aunt told agents she was kicking him out of her house at the time he was arrested.

Under the Bail Reform Act, the Court may properly consider the likelihood that Defendant – faced now with criminal charges that, if he is convicted, are likely to result in a prison sentence followed by removal or deportation upon his release from

-4-

prison – will, if released pending trial, comply with orders to appear for court proceedings in this case as required. If released pending trial, Defendant is now faced with the choice of appearing for court and trying to obtain a dismissal of or not-guilty verdict on the charge against him, at the risk of serving a significant prison term and facing possible deportation to Mexico on his release from incarceration, or fleeing – whether to Mexico or somewhere else (including in this country or even in this area) – to avoid the risk of serving a prison sentence before likely being removed to Mexico.

These facts support a finding that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required if Defendant were released. Based on the facts explained above, and the Court's findings based on those facts, the Court finds that there is no condition or combination of conditions that could be set to reasonably assure Defendant's appearance as required. Accordingly, the Government's motion for detention is GRANTED.

It is ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal pending further proceedings.

It is ORDERED that while in the custody of the Attorney General and the United States Marshal, Defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is ORDERED that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

SO ORDERED.

DATED: October 29, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE